# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4105

_____

United States of America,              \*

                                        \*

           Appellee,           \*

                                          \*   Appeal from the United States

     v.                          \*   District Court for the

                                        \*   District of South Dakota.

Manuel Williams, also known as   \*   [UNPUBLISHED]

Manny,                                  \*

                                        \*

          Appellant.         \*

_____

Submitted: September 25, 2007
Filed: October 3, 2007

_____

Before BYE, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Manuel Williams of one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Williams appeals his convictions contending the district court[1] abused its discretion in limiting his right to cross examine Levi

_____

[1] The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

Garcia, a prosecution witness, concerning Garcia's failure to appear for court dates. We affirm.

Garcia was one of several cooperating witnesses who testified regarding Williams's involvement in the conspiracy to distribute methamphetamine. After defense counsel was allowed to cross examine Garcia extensively regarding the effects his addiction to methamphetamine had on his memory, the district court upheld the prosecutor's objection when defense counsel asked a question concerning specific instances when Garcia failed to appear in court. On appeal, Williams contends the question was probative of Garcia's truthfulness or untruthfulness and should have been permitted under Federal Rule of Evidence 608(b). We disagree that a failure to appear for a court date is probative of truthfulness or untruthfulness. Even assuming such to be the case, however, the district court still had the discretion to disallow the question, see Fed. R. Evid. 608(b) ("Specific instances of the conduct of a witness . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination"), and we conclude the district court did not abuse its discretion in sustaining the objection. See Delaware v. Van Arsdell, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."). Moreover, Williams has failed to show how he was prejudiced given the other evidence in the case against him. See United States v. Love, 329 F.3d 981, 984 (8th Cir. 2003) ("A trial court's decision to limit cross-examination will not be reversed unless there has been a clear abuse of discretion and a showing of prejudice to the defendant.").

We affirm the judgment of conviction.

_____